

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Affirmed by *C-625*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6011
Re: Whether or not an encumbrance
should be allowed to stand as
a charge against funds appro-
priated for book binding for
the year ending August 31,
1943, when the actual work of
binding the books did not be-
gin until April, 1944.

Your opinion request of May 8, 1944, reads as fol-
lows:

"On August 12, 1943, under provisions of
the Departmental Appropriation Bill, I encum-
bered, for a State Department, a given amount
of money for binding of certain books. This
encumbrance was approved in the belief that the
work was to begin at once. I now find that work
did not start until during the month of April,
1944.

"The enclosed file reveals that under
instructions from the Board of Control, which
were in effect at the time the encumbrance re-
quest was presented to me, the work was not to
be started until after the fiscal year had closed.

Hon. George H. Sheppard, Page 2

"Should the encumbrance be allowed to
stand as a charge against funds appropriation
for book binding for the year ending August
31, 1943?"

From the file which you enclosed we have summarized
the following facts with reference to the question under con-
sideration, and this opinion is predicated upon the assumption
that such facts are correct:

In accordance with the provisions of
Section 2 (1) of the General Rider to the
Departmental Appropriation Act of the 47th
Legislature, the Comptroller on August 12,
1943, approved the expenditure of $3,264.31
for book binding and encumbered the proper ap-
propriation for this sum. Subsequently, on or
about August 19, 1943, a requisition for this
work was sent by the Board of Control to a book
bindery which was under contract to do work of
this kind for the State. However, at this time
the Board of Control had issued an order that
the book bindery was to work exclusively on the
binding of textbooks between the months of May
and October, so that at the time the encumbrance
was made and the requisition was issued, it was
impossible for the binding in question to be
begun before October, 1943. Actually the bind-
ing was not begun until April, 1944.

This department has repeatedly held that supplies
intended for use during a certain year must be purchased from
the appropriation for that year, and that an appropriation for
one year may not intentionally be used to purchase supplies
which are to be consumed during a succeeding year. However,
we have also recognized that an exception to this rule exists
in the case of the purchase of so-called "capital assets" or
supplies which from their nature will not be entirely used or
consumed during a brief period of time. Thus in our Opinion
No. O-2631, addressed to you, we said:

"With respect to those supplies or things
which, as you state, might be termed a 'capital
asset of the State', the rule is that such supply

Hon. George H. Sheppard, Page 3

or fixture may be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation has been made. Fixtures, equipment and supplies whatsoever that they do not perish with their use, but which may be continuously used after the year in which they are purchased are not governed by the identical principles applicable to those supplies which are consumed with their use. Thus, machines, fixtures, books, and the like, are not consumed during the year they are purchased, but they last for many years. Such 'capital assets' of the State may therefore be purchased and paid for out of the appropriation for any year of the biennium for which an appropriation for such article has been made. This is true regardless of the year in which the delivery is made, since the purchase during the proper year amounts to an expenditure or commitment of the appropriation for that year."

We feel that book bindings are "capital assets" within the meaning of the above cited Opinion, and that purchases of such bindings are governed by the principles stated in said Opinion. Since the appropriation in question was encumbered and the purchase order was issued prior to September 1, 1943, we feel that the book bindings were purchased during the fiscal year ending August 31, 1943, and that the appropriation for such fiscal year may be used in payment for the bindings. Consequently, your question is answered in the affirmative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAY 19, 1944

ATTORNEY GENERAL OF TEXAS

RDM:fo

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant